# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN C. FERGUSON,

    Plaintiff,

v.                                                                                        No. 1:22-cv-00649-RB-LF

NEXSTAR MEDIA GROUP, INC. and
STEEL BRIDGE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and alleged:

> The New Mexico State Police run a surveillance program using Dopler 7 sattelite, overseeing channel 5 whom is tied in with the Channel 4 & 13 news blog & Steelbridge whom stalk me, chemical induce me, everywhere I go the keep telling people run me over, prevent me from gaining employment as well as alot of other illegal activity.
> . . .
> There is no mystery as to the airwaves sounds in our community everywhere i go & have gone in the last 8-10 years it is very appearant as to be followed by some sort of internet program & they keep saying their narcotic investigators. I can feel electric pulses in my eye full power and very obvious they continuously electricute my eyes my temples . . .
> . . .
> I am electricuted, stalked, tortured, chemical induced & this goes on 24/7 and they keep telling me im dead.

(Doc. 1 (Compl.) at 2, 4–5.[1]) The Complaint named only Nexstar Media Group and Steel Bridge as defendants but referred to several other individuals including "the Sherrifs' Dept. & A.P.D law enforcement." (*Id.* at 5.)

United States Magistrate Judge Laura Fashing notified Plaintiff that:

---

[1] The Court retains all spelling and grammatical errors as written in the Complaint.

> The Complaint fails to state a 42 U.S.C. § 1983 claim against Defendants Nexstar Media Group and Steel Bridge because there are no factual allegations showing that Nexstar Media Group and Steel Bridge were acting under color of state law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law").
>
> The Complaint fails to state a claim upon which relief can be granted against the other individuals mentioned in the Complaint because Plaintiff fails to state with particularity what each of those individuals did to Plaintiff, when they committed the alleged unspecified actions, how those actions harmed Plaintiff or what specific legal right Plaintiff believes they violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

(Doc. 5 at 3.) Judge Fashing ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. (*See id.* at 4.)

Plaintiff did not file an amended complaint. Instead, Plaintiff filed a 13-page letter to Judge Fashing, which:

(i)  states Plaintiff contacted the Sandoval County Sheriff's Department, which

> is the responsible party whom has possesion & control of the backup equipment & device storage belonging to and owned by Sandoval County for access & information of any & all photo/video and/or activity viewed on channel 5 Bernalillo County surveillance system as well as channel 2/cable 12 used by & for Bernalillo County all law enforcement divisions as well as Dopler 7 sattelite, State Police, Bernalillo County Sherriffs Office & the Albuquerque Police Department;

(ii) discusses Plaintiff's friends and acquaintances, Plaintiff's previous home addresses, his education and work experience; and

(iii) makes vague allegations regarding persons mistreating Plaintiff for "8-11 years non-stop."

2

(*See* Doc. 6.) While Plaintiff names several people, some of whom are state actors, and makes vague allegations of mistreatment, he does not describe the elements listed in *Nasious* and quoted by Judge Fashing to sufficiently state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (a plaintiff must "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted").

The Court dismisses this case for failure to state a claim upon which relief can be granted. Judge Fashing informed Plaintiff that his original Complaint failed to state a claim and notified Plaintiff of the information a complaint must contain to state a claim. Despite Judge Fashing's notice, Plaintiff's Letter, which the Court liberally construes as an amended complaint because Plaintiff is proceeding *pro se*, does not state with particularity what each Defendant did to Plaintiff, when Defendants did those actions, and the specific legal right Plaintiff believes each Defendant violated. Consequently, the Letter does not give each Defendant fair notice of the claims Plaintiff is asserting.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE